UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SMITH

                Plaintiff,

                                                  Case No. 12-cv-15440

v.                                         HON. GERSHWIN A. DRAIN

CITY OF INKSTER, *et al.*

                Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY THE ALLEN BROTHERS LAW FIRM [#25]

Presently before the Court is Plaintiff's Motion to Disqualify the Allen Brothers Law Firm as They Have Destroyed Relevant Evidence to be Used in this Case, filed on March 29, 2013. *See generally,* Plt.'s Mot., Dkt. No. 25. Defendant has filed a response, and the time for further briefing has expired. Accordingly, pursuant to E.D. Mich. L.R. 7.1(f)(2), Plaintiff's Motion to Dismiss will be resolved on the briefs. For the reasons that follow, Plaintiff's Motion to Disqualify the Allen Brothers Law Firm is **DENIED**.

Plaintiff argues that Defendant, City of Inkster's attorney, David Jones ("Jones"), "admittedly destroyed 4 tape recordings that were made by former Inkster Lieutenant Thomas Diaz." *See Id.* at 2. As support for his argument, Plaintiff refers to an unrelated lawsuit where a different plaintiff requested the audio tape recordings of Lieutenant Diaz, and the Defendant responded by stating that they were not in possession, custody, or control of the recordings. Plaintiff maintains that the recordings support his contentions that

-1-

"race discrimination and retaliation was a policy and practice of the City of Inkster." *See Id.*

Additionally, Plaintiff argues that if "there is a reasonable possibility that some specifically identifiable impropriety actually occurred[,]" Jones should be disqualified as an attorney in this case. *See Id.* at 7 (quoting *Moses v. Sterling Commerce (America) Inc.*, 122 Fed. Appx. 177, 184 (6th Cir. 2005)). Plaintiff urges the Court to account for "the traditional concerns of the legal profession that client confidences be protected and that appearances of professional impropriety be avoided." *Id.* (quoting *Aleynu, Inc. v. Universal Prop. Dev. & Acquisition Corp.*, 564 F. Supp. 2d 751, 756 (E.D. Mich. 2008)).

Contrarily, Jones argues that he never illegally destroyed relevant evidence in this case. Jones states that the audio tape recordings Plaintiff refers to were used in a prior lawsuit. The parties in the prior lawsuit reached a settlement. The settlement agreement provided for the parties to retain certain documents; of which, the audio tape recordings were not to be retained. *See* Defs.' Resp. to Plt.'s Mot., Dkt. No. 29, pg. 14. Jones maintains that, as contemplated in the settlement agreement, in early July of 2012, he disposed of the audio tapes and transcripts associated with the prior lawsuit.

Moreover, Jones argues that at the time he disposed of the audio tapes and transcripts, "there was no order or directive of any court directing that the tapes or transcripts be retained. Further, there was no pending discovery request for the tapes or transcripts in any litigation." *See Id.* at 15. Jones also contends that nothing in the surreptitious audio recordings of Lieutenant Diaz are relevant or material evidence that can be used to support Plaintiff's claims in this case. *See Id.* at 16.

The power to disqualify an attorney from a case is "incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession." *Ex*

*Parte Burr*, 22 U.S. 529, 531 (1824). However, as Plaintiff stated in his brief, it is important for the Court to carefully review motions to disqualify counsel as "the ability to deny one's opponent the services of capable counsel[] is a potent weapon," *Moses*, 122 Fed. Appx. at 183, that can be "misused as a technique of harassment." *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (S.D. Ohio 1991) (citations omitted). As such, a court should only disqualify an attorney "when there is a reasonable possibility that some specifically identifiable impropriety actually occurred." *Moses*, 122 Fed. Appx. at 183-84 (6th Cir. 2005).

After finding an "identifiable impropriety," in deciding whether to disqualify counsel, the Court must account for "'the traditional concerns of the legal profession that client confidences be protected and that appearances of professional impropriety be avoided.'" *Aleynu, Inc.*, 564 F. Supp. 2d at 756. But, even if the Court finds that there is a "reasonable possibility" that an "identifiable impropriety" occurred, the Court may decline to disqualify counsel. *See Kitchen*, 769 F. Supp. at 258-59.

In the instant action, Plaintiff has not identified an impropriety that would cause this Court to disqualify Jones or the Allen Brothers' Law Firm from this case. Plaintiff cites to Disciplinary Rules and to the Michigan Rules of Professional Conduct to bolster his argument that Jones's should be disqualified. However, the Court has not been persuaded that these rules are applicable to the facts of this case.

The audio tapes that Plaintiff alleges were illegally destroyed served as evidence in a separate and distinct lawsuit from the case presently at bar. At the time the audio tape recordings were destroyed, Plaintiff has not presented any facts showing that there was a court order or directive mandating that the audio tape recordings be retained. Nor has Plaintiff presented to the Court a discovery request that would have placed Jones on notice

of pending litigation where the audio tape recordings would be considered as evidence.

In fact, Plaintiff has not presented any evidence, other than a self-serving affidavit from Ann Capela ("Capela"), Inkster City Manager, that was used in her lawsuit against the City of Inkster. *See* Plt.'s Mot., Dkt. No. 25, pgs. 4, 43-44. Capela claims to omnisciently know what Jones knew and understood regarding the alleged damaging nature of the audio tape recordings. *Id.* at 44.  The Court, however, is not persuaded.

Furthermore, Plaintiff's contention that Allen Brothers Law Firm be disqualified pursuant to Michigan Rule of Professional Conduct ("MRPC") 3.7 is without merit. Plaintiff appears to make an argument that if Jones is called to testify in this case, his testimony will conflict with the interests of his client, the City of Inkster; thus, this conflict is an issue that should also be imputed to the Jones's firm.  MRPC 3.7(b) states, "[a] lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 [Conflict of Interest: Former Client] or Rule 1.9. [Imputed Disqualification: General Rule]." *See* Plt.'s Mot., pgs. 7-8.

Rule 1.7(a) is not applicable because it relates to an attorney representing one client at the detriment of another client. Additionally, Rule 1.7(b) is also not applicable to the case at bar because it focuses on if the attorney's representation will be materially limited because of responsibilities to another client, a third party, or the attorney's own interests. Plaintiff has not demonstrated to the Court that any of the aforementioned conflicts exist between Jones and his current client, a former client, or a third party.

As to Rule 1.9, Plaintiff has not presented any facts that show that Jones or his firm has represented a former client in the "same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client." *See* MRPC

1.9(a). Even if Jones is called to testify by Plaintiff, Jones will not serve as advocate at trial for Defendant, and it appears to the Court that the issues surrounding the destruction of the audio tape recordings are uncontested. *See* Defs.' Resp., Dkt. No. 29, pgs. 19-20.

Therefore, for the reasons stated above, Plaintiff's Motion to Disqualify the Allen Brothers Law Firm as They Have Destroyed Relevant Evidence to be Used in this Case **[#25]** is **DENIED**.

SO ORDERED.

Dated: April 19, 2013                           /s/Gershwin A Drain
                                                GERSHWIN A. DRAIN
                                                U.S. DISTRICT JUDGE