UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SMITH,

    Plaintiff,

                                      Case No. 12-cv-15440
                                      HON. GERSHWIN A. DRAIN

v.

CITY OF INKSTER, BOARD OF TRUSTEES OF
THE POLICEMEN AND FIREMEN RETIREMENT
SYSTEM OF THE CITY OF INKSTER, and HILLIARD
L. HAMPTON, JR., in his official and unofficial
capacity , jointly and severally,

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS CITY OF INKSTER'S AND HILLIARD HAMPTON, JR.'S MOTION FOR RECONSIDERATION[#109]AND GRANTING DEFENDANT BOARD OF TRUSTEES OF THE FIREMEN AND POLICEMEN RETIREMENT SYSTEM OF THE CITY OF INKSTER'S MOTION FOR RECONSIDERATION [#110] AND DISMISSING ACTION**

**I. INTRODUCTION**

Presently before the Court is the Defendants City of Inkster's and Hilliard Hampton, Jr.'s, Motion for Reconsideration, or in the Alternative, Motion for Certification Pursuant to 28 U.S.C. § 1292(b), filed on November 20, 2014.  Also before the Court is the Defendant Board of Trustees of the Firemen and Policemen

Retirement System of the City of Inkster's (the "Board") Motion for Reconsideration, or in the Alternative, Motion for Certification Pursuant to 28 U.S.C. § 1292(b). Specifically, the Defendants primarily seek reconsideration of this Court's Order denying their respective Motions for Summary Judgment relative to Plaintiff's claims of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1983.[1]  *See* Dkt. No. 106.

## II. STANDARD OF REVIEW

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but

---

[1] The Court granted the Defendant Board's Motion for Summary Judgment with respect to Plaintiff's Title VII claim.

were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

### III. LAW & ANALYSIS

#### A. Inkster's and Mayor Hampton's Motion

Defendants Inkster and Hampton argued in their Motion for Summary Judgment that Plaintiff's Title VII and § 1983 claims are barred by the doctrine of *res judicata* because Plaintiff filed two previous state court actions. The Court agrees with Defendants that the Court should have cited to Sixth Circuit case law identifying the elements of *res judicata* in Michigan. This oversight amounts to a palpable defect that, when corrected, results in a different disposition of this case.

In Michigan, *res judicata* bars successive actions where "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies,[2] and (3) the matter in the second case was, or could have been resolved in the first."

---

[2] Privy exists between individual government officials and the entities that employ them even if the officers were not named defendants in the previous action. *See Fleming v. City of Detroit*, No. 04-74081, 2006 U.S. Dist. LEXIS 62528, *5 (E.D. Mich. Sept. 1, 2006); *Crawford v. Chabot*, 202 F.R.D. 223, 227 (W.D. Mich. 1998) ("A government official sued in his or her official capacity is considered to be in privity with the government," such that "a judgment for or against an official will preclude a subsequent action on the same claim by or against . . . [a]n agency of the same government.")

*Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006).

There is no dispute that Plaintiff filed a workers compensation claim in 2008 in which he alleged that he became disabled as of June 18, 2008 due to the decision to reorganize the police department and transfer him to a different job. In that workers compensation proceeding, Plaintiff claimed he became permanently physically and emotionally disabled. The City disputed Plaintiff was disabled due to a work related event, and trial commenced on April 10, 2010. The workers compensation case was resolved after a full trial. The magistrate judge presiding over the matter determined that Plaintiff was totally disabled because of a work-related injury from June 18, 2008 through November 30, 2008. Thereafter, Plaintiff filed a lawsuit in state court claiming the City's decision to reorganize the department was discriminatory. He again claimed he was totally and permanently disabled as a result and sought lost pension benefits among other remedies. After a jury trial, he was awarded damages including lost pension benefits that he lost by not working to his normal retirement age.

As such, the prior decisions were decided on the merits and involved the same parties. Thus, the first and second prongs of the *res judicata* test are met. As to the third prong of the res judicata test, the Michigan Supreme Court has explained that whether the matter in this case could have been resolved in the prior cases requires the

application of the "transactional test." *Washington v. Sinai Hospital*, 478 Mich. 412, 420-21 (2007). Citing to *Adair*, the *Washington* court explained, "[w]hether a factual grouping constitutes a 'transaction' for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation . . . ." *Id*.

In the employment context, a particular grouping of personnel decisions or events which are related in time, space and origin and which allegedly cause injury are deemed to form a single "transaction," and all claims arising therefrom must be asserted in the first lawsuit. *See Young v*, 471 F.3d at 680-81; *Richards v. Wayne County Airport Authority*, No. 311475, 2014 Mich. App. LEXIS 1075, *8 (Mich. Ct. App. Jun. 10, 2014) ("This case, *Davis I*, and *Davis II* all arose from claims regarding the selection and hiring of Mullin as WCAA's CEO and thus all are related in time, space, and origin."); *Brownridge v. Michigan Mut. Ins. Co.*, 115 Mich. App. 745, 748, 321 N.W.2d 798 (1982) ("Since both actions arose out of the same discharge from employment, both actions arose 'out of the same transaction.'").

Based on the foregoing, the third prong of Michigan's *res judicata* test is also satisfied. All of Plaintiff's claims in this action arise from events that are related in time, space, origin and motivation; specifically, the notice of Plaintiff's reassignment from the detective bureau to road patrol. This event gave rise to Plaintiff's workers

compensation action, the state court action and this action. Plaintiff's entitlement to a duty disability pension could have and should have been raised in the previous actions. Plaintiff's present lawsuit therefore is barred by claim preclusion.

Moreover, Plaintiff failed to address Defendants' argument concerning the issue of collateral estoppel in his Response to Defendants' Motion for Summary Judgment. Collateral estoppel applies when "a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment." *Storey v. Meijer, Inc*. 431 Mich. 368, 373 n.3, 429 N.W.2d 169 (1988). Additionally, the "parties must have had a full and fair opportunity to litigate the issue and there must be mutuality of estoppel." *Id*. "The estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him." *Lichon v. American Universal Ins. Co.*, 435 Mich. 408, 427, 459 N.W.2d 288 (1990).

Here, there is no dispute that Plaintiff's last day of work for the City was June 19, 2008. Following a trial, the magistrate judge presiding over Plaintiff's workers compensation claim determined that Plaintiff was only permanently and totally disabled for five months after his last day of employment with the City. As such, Plaintiff is collaterally estopped from arguing he is permanently disabled beyond November of 2008. For this additional reason, Defendants are entitled to summary

judgment in their favor.

Because the Court concludes Defendants are entitled to summary judgment, their request for certification of an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is moot. Accordingly, Defendants City of Inkster's and Mayor Hampton's Motion for Reconsideration is GRANTED.

### B. The Board's Motion

Upon reconsideration of the Board's Motion for Summary Judgment, the Court also concludes that the Board is entitled to judgment in its favor. As an initial matter, Plaintiff's § 1983 claim is likewise subject to dismissal based on the doctrines of claim and issue preclusion discussed *supra*. Additionally, similar to Plaintiff's failure to address arguments raised in the City's and Hampton's Motion for Summary Judgment, Plaintiff also failed to address several arguments raised by the Board in its Motion for Summary Judgment. The Court compounded the oversight by failing to address certain arguments raised by the Board, which created a palpable defect, the correction of which, will result in a different disposition of this case as to the Defendant Board.

Specifically, Plaintiff failed to identify a constitutionally-protected property interest. To succeed on a claim under § 1983, Plaintiff must establish the deprivation of a constitutional right or a right secured by federal law and that the deprivation was

committed by an individual acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The United States Supreme Court has stated: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it," and the person "must have more than a unilateral expectation of it." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Moreover, "[p]rotected interests in property are normally 'not created by the Constitution. Rather, they are created and their dimensions are defined' by an independent source such as state statutes or rules entitling the citizen to certain benefits." *Goss v. Lopez*, 419 U.S. 565, 572-73 (1975); *see also Lyng v. Payne*, 476 U.S. 926, 942 (1986)("We have never held that applicants for benefits, as distinct from those already receiving them, have a legitimate claim of entitlement protected by the Due Process Clause of the Fifth or Fourteenth Amendments.") *Id.*

In *Ramsey v. Bd. of Educ. of Whitley Cty., Kentucky*, 844 F.2d 1268, 1274 (6th Cir. 1988), the Sixth Circuit held that an employee "deprived of a property interest in a specific benefit, term, or condition of employment" has an adequate remedy for the interference with that interest. *Id.* Specifically, "any interference with that interest is redressed in a state breach of contract action." *Id.*

The *Ramsey* court affirmed the dismissal of the employee's Section 1983 claim for unpaid sick leave days upon her retirement. The court reasoned: "[A]n interference

with a property interest is a pure benefit of employment, as opposed to an interest in the tenured nature of the employment itself, is an interest that can be and should be redressed by a state breach of contract action and not by a federal action under section 1983." *Id*. at 1274-75; *see also Costello v. Town of Fairfield*, 811 F.2d 782, 784 (2d Cir. 1987) (holding that alleged deprivation of a pension benefit increase did not "give rise to a cause of action under section 1983."); *Troup v. Fulton County, Georgia*, 297 F. App'x 934, 935 (11th Cir. Oct. 29, 2008) (dismissing § 1983 claim for disability retirement benefits because "applicants for benefits do not have a legitimate entitlement to those benefits that triggers due process protection . . . .")

Therefore, as an applicant for duty disability benefits, Plaintiff cannot establish a constitutionally protected interest or the first prong of a viable § 1983 claim. In addition to the preclusive effect owing to the doctrines of *res judicata* and collateral estoppel, Plaintiff has no constitutional right to his duty disability benefits. For these reasons, the Board is entitled to judgment in its favor on Plaintiff's § 1983 claim. The Board's Motion for Reconsideration is GRANTED.

Because the Court concludes the Board is entitled to summary judgment, its request for certification of an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is moot.

## IV. CONCLUSION

For the reasons that follow, Defendants City of Inkster's and Hilliard Hampton, Jr.'s, Motion for Reconsideration, or in the Alternative, Motion for Certification Pursuant to 28 U.S.C. § 1292(b) [#109] is GRANTED.

Defendant Board of Trustees of the Firemen and Policemen Retirement System of the City of Inkster's Motion for Reconsideration, or in the Alternative, Motion for Certification Pursuant to 28 U.S.C. § 1292(b) [#110] is GRANTED.

This cause of action is dismissed.

SO ORDERED.

Dated: March 30, 2015  /s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE