UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SMITH,

    Plaintiff,

vs.

Case No. 12-cv-15440
HON. GERSHWIN A. DRAIN

CITY OF INKSTER, *et al.*,

    Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR FOR RELIEF FROM JUDGMENT [#152]

**I. INTRODUCTION**

Presently before the Court is Plaintiff's Motion for Reconsideration and/or for Relief from Judgment, filed on April 13, 2015. Plaintiff seeks reconsideration of this Court's March 30, 2015 Order, which granted summary judgment in favor of the Defendants in this matter. Upon review of the Plaintiff's present motion, the Court finds that he has failed to demonstrate a palpable defect by which this Court has been misled, the correction of which will result in a different disposition of this case. Nor has Plaintiff shown he is entitled to relief from judgment pursuant to Fed. R. Civ. P.

60(b)(6), which requires a showing of extraordinary circumstances. Because Plaintiff has not established he is entitled to the relief he seeks, the Court will deny his present motion.

## II. ANALYSIS

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Plaintiff's present motion fails to establish a palpable defect in this Court's

March 30, 2015 Order. Plaintiff mostly re-raises arguments already considered and rejected by this Court. Plaintiff's entitlement to a duty disability pension should have been raised in the two previous actions that stemmed from the notice of Plaintiff's reassignment from the detective bureau to road patrol. Summary judgment in favor of Defendants on *res judicata* and/or collateral estoppel grounds was therefore appropriate.

Moreover, contrary to Plaintiff's contention, the Defendants did raise the affirmative defenses of *res judicata* and collateral estoppel in their Amended Affirmative Defenses. *See* Dkt. No. 55. A "defendant does not waive an affirmative defense if he raised the issue at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993); *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 194 (5th Cir. 1985) ("[T]he requirement that affirmative defenses be pleaded or waived must be applied in the context of the Federal Rules' liberal pleading and amendment policy, the goal of which is to do substantial justice.").

The remainder of Plaintiff's assertions include arguments that Defendants failed to direct the Court's attention to certain facts. For instance, Plaintiff complains that Defendants failed to inform the Court that Plaintiff made a demand to return to work, but Defendant refused to allow him to return to work. This is not a proper argument

at this stage of the proceedings. There is no allegation concerning Plaintiff's request to return to work in his Complaint. Moreover, even if he had included this in his Complaint, Plaintiff did not address it in his Responses to the Defendants' Motions for Summary Judgment. Motions for reconsideration are not properly used as a vehicle to "advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

Plaintiff also moves for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which states:

> **(b) Grounds for Relief from Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *Jinks v. Alliedsignal, Inc.*, 250 F.3d

381, 385 (6th Cir. 2001).

Plaintiff specifically relies on Rule 60(b)(6), which may be used to relieve a party from judgment only in extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b). *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has stated that: "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more . . . must include unusual and extreme situations where principles of equity mandate relief." *Id.* (internal citations and quotations omitted).

Plaintiff's arguments do not demonstrate that an unusual or extreme situation exists that warrants relief from judgment. Plaintiff merely raises previous arguments already reviewed and rejected by this court or asserts entirely new arguments that should have been raised in his Responses opposing summary judgment in favor of Defendants.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration and/or for Relief From Judgment [#152] is DENIED.

SO ORDERED.

Dated: April 20, 2015   /s/Gershwin A Drain
            GERSHWIN A. DRAIN

UNITED STATES DISTRICT JUDGE