UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SMITH,

    Plaintiff,

                                    Case No. 12-cv-15440
                                    HON. GERSHWIN A. DRAIN

v.

CITY OF INKSTER, BOARD OF TRUSTEES OF
THE POLICEMEN AND FIREMEN RETIREMENT
SYSTEM OF THE CITY OF INKSTER, and HILLIARD
L. HAMPTON, JR., in his official and unofficial
capacity , jointly and severally,

    Defendants.

_____/

**<u>ORDER GRANTING DEFENDANT BOARD OF TRUSTEES OF THE
FIREMEN AND POLICEMEN RETIREMENT SYSTEM OF THE CITY OF
INKSTER'S MOTION FOR CLARIFICATION OF THIS COURT'S
RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION [#167]</u>**

**I. INTRODUCTION**

Presently before the Court is the Defendant Board of Trustees of the Firemen and Policemen Retirement System of the City of Inkster's (the "Board") Motion for Clarification of this Court's Ruling on Defendant's Motion for Reconsideration, filed on July 29, 2016. Plaintiff Kevin Smith filed a Response to the Board's present motion on August 12, 2016, and the Board filed a Reply in support of its present

motion on August 22, 2016. Upon review of the parties' submissions, the Court finds that oral argument will not aid in the resolution of the Board's present motion. Accordingly, the Court will resolve the Board's motion on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2).

## II. BACKGROUND

Plaintiff commenced this litigation in December of 2012. In November of 2014, the Court granted partial summary judgment to the Defendant Board as to Plaintiff's Title VII claim, but declined to grant the Board summary judgment on Plaintiff's 42 U.S.C. § 1983 claim. Upon review of the Board's Motion for Reconsideration, the Court concluded that *res judicata* precluded Plaintiff's claims, he was collaterally estopped from arguing he was permanently disabled and failed to identify a constitutionally protected property interest in the denial of his application for a duty disability pension. *See* Dkt. No. 150. The Court therefore dismissed Plaintiff's § 1983 claim. In rendering its decision on the Board's Motion for Reconsideration, the Court did not address the Board's alternate argument that the Court erred when it originally concluded there was evidence in the record that the Board treated similarly-situated employees differently than the Plaintiff.

The Sixth Circuit Court of Appeals ultimately concluded that it was error for this Court to dismiss Plaintiff's § 1983 claim against the Board and remanded the

action for further proceedings. The Defendant Board now moves for the Court to address its alternate argument that the Court erred when it originally concluded there was evidence in the record that the Board treated similarly-situated employees differently than the Plaintiff.

### III.  LAW & ANALYSIS

Rule 60(a) permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The Board asserts that the Court failed to address its argument, raised in its Motion for Reconsideration, that Plaintiff failed to produce evidence of similarly-situated employees who were treated differently. Of course, the Court did not address this alternate argument because it had already concluded Plaintiff's § 1983 claim was barred by the doctrines of *res judicata* and *collateral estoppel*. As such, it was unnecessary and would have been a waste of judicial resources to address an argument that had been rendered moot.

However, because the Sixth Circuit Court of Appeals has concluded this Court's dismissal of Plaintiff's § 1983 claim on *res judicata* and *collateral estoppel* grounds, as well as improper conversion of Plaintiff's § 1983 claim into a due process claim were erroneous conclusions, the Board's alternate argument is now ripe for review. However, upon consideration of the Board's alternate argument in support

of dismissal of Plaintiff's § 1983 claim, the Court is not persuaded that dismissal of this claim is warranted.

The Board argues that Plaintiff lacks evidence that similarly situated employees were treated differently by the Board. While it is true that some of the employees who received their pension benefits are not similarly situated to Plaintiff because they either received union-negotiated pension benefits or qualified for pension benefits pursuant to the Internal Revenue Code, there are still a handful of employees who received their duty-disability benefits pursuant to the City Charter. There is record evidence that these employees were not required to jump through the hurdles that Plaintiff has been required to jump through in order to obtain his duty disability benefits. *See* Plf.'s Resp. at 10-15. Accordingly, dismissal of Plaintiff's § 1983 claim against the Board is unwarranted.

## IV.  CONCLUSION

Accordingly, the Board's Motion for Clarification [#167] is GRANTED. The Court declines to dismiss Plaintiff's § 1983 claim.

SO ORDERED.

Dated:  October 17, 2016               /s/ Gershwin A. Drain
                                                               GERSHWIN A. DRAIN
                                                               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 17, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Case Manager