# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEVIN SMITH,

      Plaintiff,

                                        Case No.: 12-15440
                                        Honorable Gershwin A. Drain

v.

CITY OF INKSTER, *et al.*,

      Defendants.

_____/

## ORDER DENYING CITY OF INKSTER'S MOTION FOR STAY [#165]

### I.    INTRODUCTION

      Presently before the Court is the Defendant City of Inkster's Motion for Stay of Proceedings Pending Decision by Michigan Court of Appeals, filed on July 29, 2016. The motion is fully briefed and a hearing was held on October 25, 2016. For the reasons that follow, the Court will deny the City's Motion for Stay.

## II. FACTUAL BACKGROUND

The facts of this matter have been set forth in this Court's prior opinions. The Court will therefore only discuss those facts pertinent to the instant motion. Plaintiff is a Caucasian male who worked for the City as a police officer of various ranks from October 1995 through June 2008. On June 18, 2008, Plaintiff was informed that he would be transferred to another department or division as part of a reorganization of the police department. Plaintiff claims that the transfer caused him stress and he became totally and permanently disabled.

Plaintiff filed the instant lawsuit in December of 2012 alleging that Defendants denied him a duty disability pension because of his race and in retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* and 42 U.S.C. 1983.

Plaintiff also alleged state law claims of intentional infliction of emotional distress and for civil conspiracy, as well as under Michigan's Elliot Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101 *et seq*. The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed those claims without prejudice on May 7, 2013. Plaintiff filed an action in state court raising the same claims in the Wayne County Circuit Court.

In March of 2015, this Court granted summary judgment to the Defendants on Plaintiff's Title VII and section 1983 claims, concluding that *res judicata* precluded Plaintiff's claims, he was collaterally estopped from arguing he was permanently disabled and failed to identify a constitutionally protected property interest in the denial of his application for a duty disability pension. *See* Dkt. No. 150. On July 8, 2015, the state court likewise granted summary judgment to the Defendants finding that Plaintiff's claims could have been raised in his earlier lawsuit, but was barred by the doctrine of *res judicata*. Plaintiff's appeal of the state court's decision is currently pending before the Michigan Court of Appeals.

On appeal, the Sixth Circuit concluded that it was error for this Court to dismiss Plaintiff's claims and remanded the action for further proceedings.

### III.  LAW & ANALYSIS

#### A.  Motion for Stay

The City and Mayor Hampton move for entry of an Order staying this proceeding pending the decision of the Michigan Court of Appeals. Defendants argue that the Sixth Circuit and this Court must follow the decision of the Michigan Court of Appeals on the issue fundamental to this case, namely the preclusive effect of Plaintiff's previous state lawsuit on the present lawsuit.

"A court may stay proceedings in its sound discretion based on its inherent

power to control its docket." *Wheelabrator Clean Water Sys. v. Old Kent Bank & Trust Co.*, No. 1:93-CV-1016, 1995 U.S. Dist. LEXIS 2330, *1 (W.D. Mich. Jan. 30, 1995)(citing *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 81 L. Ed. 605, 57 S. Ct. 377 (1937)); *Landis v. N.Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.")

While the Court possesses the inherent authority to stay proceedings, it "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254-55).

The party seeking the stay must demonstrate "a pressing need for delay and that neither the other party or the public will suffer harm from the stay." *Wheelabrator*, 1995 U.S. Dist. LEXIS 2330, at *2. Courts should consider the following factors when a stay is requested: the need for a stay, the balance of the relatives harms to the parties and the public, and the promotion of judicial economy by avoiding duplicative litigation. *Id.* (citing *Landis*, 299 U.S. at 255).

As to the first and third factors, Defendants argue that these are parallel proceedings involving the same issue. Conflicting results have already occurred with the state court issuing a decision contrary to the result reached by the Sixth Circuit in the instant case. Defendants argue "a protracted jury trial will be avoided if the Michigan Court of Appeals affirms [the state court judge's] holding." As to the second factor, Defendants maintain that Plaintiff will not be harmed because the stay will be short. Conversely, if a stay is not entered, Defendants will be forced to proceed with a jury trial that ultimately may be unnecessary.

Upon consideration of the *Landis* factors, the Court concludes that a stay is unwarranted under the circumstances. As an initial matter, the parties have recently filed a Motion to Adjourn the Trial in this matter. They seek to postpone trial until sometime after June 1, 2017. It is likely that the Michigan Court of Appeals will reach a decision prior to this date. Moreover, Defendants' present motion appears to rely on the theory that the Michigan Court of Appeals will affirm the holding of the state court judge, thus creating a conflict with the Sixth Circuit's decision. The Court is not inclined to stay this matter on such speculation. Accordingly, Defendants' Motion for Stay [#165] is DENIED.

SO ORDERED.

Dated: October 27, 2016 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 27, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk